UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80956-CIV-MARRA

WACKENHUT SERVICES, INC., a
Florida corporation,

Plaintiff/Counter-Defendant,

v.

ARTMAN STUDIOS, INC., a Florida
corporation,

Defendants/Counter-Plaintiff,

v.

FSC Productions, Inc.,
JEREMY C. FRASIER and
ELLISON GRAPHICS CORP.,

Third-Party Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff/Counter-Defendant Wackenhut Services, Inc. ("Wackenhut") and Third-Party Defendant Ellison Graphics Corp.'s ("Ellison") (collectively, the "Moving Defendants") Motion to Dismiss Counterclaim or, Alternatively, Motion for More Definite Statement (DE 26) and Third-Party Defendants FSC Productions, Inc. ("FSC") and Jeremy C. Frasier's ("Frasier") (collectively, "Third-Party Defendants") Motion to Dismiss Count VII of Second Amended Counterclaim and Amended Third-Party Complaint or, in the Alternative, Motion for More Definite Statement (DE 44).[1] The Court has carefully

---

[1] Although FSC and Frasier bring this motion to dismiss count seven, count seven is only brought against Frasier.

reviewed the motions and is otherwise fully advised in the premises.

I.  Background

On August 28, 2008, Wackenhut filed a Complaint for Declaratory Judgment against Artman Studios, Inc. ("Artman") arising from several claims that Wackenhut had infringed Artman's copyrights. (DE 1.)  On February 24, 2009, Artman filed its Second Amended Counterclaim and Amended Third-Party Complaint ("SAC"). (DE 20).  The Third-Party Defendants include Ellison, FSC and Frasier.  According to the SAC, Artman is the sole owner of five copyrights. (SAC ¶ 9.)  The SAC contains seven counts.  The first five counts are each labeled "copyright infringement against all counterclaim defendants for infringement" and each of those counts pertain to one of Artman's five copyrights.

Count six is for breach of a non-disclosure agreement against Wackenhut.  This count alleges that Tracey Artman, acting on behalf of Artman, entered into a nondisclosure agreement ("NDA") with Paul Donahue, the Chief Financial Officer of Wackenhut. (SAC ¶ 96; NDA, Ex. A, attached to DE 1.)  Pursuant to the NDA, Wackenhut agreed not to "manufacture, sell, deal in or otherwise use or appropriate the disclosed information in any way whatsoever, including but not limited to adoption, imitation, redesign or modification." (SAC ¶ 97.)  The information concerns a design resource center. (NDA ¶ 1.)  In reliance on these promises and understandings, Artman disclosed and conveyed to Wackenhut confidential and proprietary information and materials. (SAC ¶ 98.)  Wackenhut violated and breached the NDA. (SAC ¶ 99.)

Count seven is for breach of a non-compete agreement ("NCA") against Frasier.  The SAC alleges that Artman and Frasier entered into a NCA. (SAC ¶ 103; NCA, Ex. 5, attached to DE 10.)  Pursuant to the NCA, Frasier agreed that during the course of the agreement and until

2

2010 or for five years immediately following the expiration or termination of the agreement, he would not compete with Artman without prior written consent of Artman. (SAC ¶ 104; NCA ¶ 1.)  Frasier acknowledged that the NCA was reasonable. (SAC ¶ 105.)  Prior to 2010, Frasier directly competed with Artman by using her original copyrighted works and ideas in preparing and promoting Wackenhut's 2005 annual report and elsewhere. (SAC ¶ 106.)   Frasier knowingly and willfully breached the NCA and did not seek consent from Artman. (SAC ¶ 107.)

The Moving Defendants move to dismiss pursuant to Rule 12(b)(6), or alternatively for a more definite statement pursuant to Rule 12(e), and claim that counts one through five of the SAC constitute a shotgun pleading and must be re-pled. In addition, the Moving Defendants argue that the allegations in count six of the SAC fail to conform to the actual text of the attached exhibit and therefore must be re-pled.  The Third-Party Defendants move to dismiss count seven of the SAC and assert that the claim does not satisfy the pleading requirements set forth in Florida Statute § 542.335.

>    II.  Discussion

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). When

considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

The Court begins its analysis by examining counts one through five. Significantly, these five counts contain allegations against multiple defendants. For example, count one contains allegations against Wackenhut (SAC ¶ 16), FSC (SAC ¶ 21), Frasier (SAC ¶ 23) and Ellison (SAC ¶ 24).[2] Moreover, counts one through five contain different theories of liability, including direct infringement, vicarious infringement and contributory infringement against the various defendants. By way of example, count one of the SAC combines allegations of direct copyright infringement (SAC ¶¶ 16, 18, 21, 24), vicarious copyright infringement (SAC ¶¶ 19-20, 23, 25), and contributory infringement (SAC ¶ 22, 25).[3] Based on this pleading approach, the Moving Defendants urge the Court to find that the SAC is a shotgun pleading that must be re-pled. Specifically, the Moving Defendants suggest that the counts be split into separate counts for each defendant and for each type of infringement.

The Court finds that the pleading does not rise to the egregious level of a shotgun pleading. In those cases, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366 (11th Cir.1996). That stated, the Moving Defendants are correct that the SAC has not been drafted in the clearest, most precise manner. However, the proper remedy is not a Rule 12(b)(6) motion to dismiss. Instead, the proper remedy

---

[2] This pattern is repeated in counts two through five.

[3] This pattern is also repeated in counts two through five.

is the alternative relief of a more definite statement under Rule 12(e). "Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." Anderson, 77 F.3d at 366; see also Tires Inc. of Broward v. The Goodyear Tire & Rubber Co., 295 F. Supp. 2d 1349, 1353 (S.D. Fla. 2003) ("it is improper pleading form to include four distinct causes of action in one count, even if all four causes of action arise out of the same facts.  These allegations should be re-pled as separate claims.")

      Rule 10(b), states, in pertinent part: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed.R.Civ.P. 10(b). The Eleventh Circuit has interpreted the analogous language of Rule 10(b) prior to the December 1, 2007, amendments as requiring separate counts for each claim of relief. Anderson, 77 F.3d at 366. Hence, the Court grants the Moving Defendants' motion for a more definite statement.  Artman shall re-plead counts one through five to avoid having multiple types of copyright infringement pled against multiple defendants in a single count.

      The Court, however, denies the Moving Defendants' motion with respect to the request for a more definite statement regarding the type of damages Artman will pursue and the date when each act of infringement allegedly commenced.   As for the type of damages, the Copyright Act permits the copyright owner to "elect any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages."  17 U.S.C. § 504.  Thus,

Artman need not provide this information at the pleading stage.  Nor is Artman required at the pleading stage to provide the date when each act of infringement allegedly commenced.  As Artman correctly points out, "[a] motion for a more definite statement is not a substitute for discovery." Betancourt v. Marine Cargo Management, Inc., 930 F. Supp. 606, 608 (S.D. Fla. 1996).  The Moving Defendants may pursue discovery mechanisms to obtain that information.

The Court also denies the Moving Defendants' motion to dismiss count six for failure to state a claim upon which relief can be granted.  Significantly, the Moving Defendants do not claim that Artman has failed to plead a breach of the agreement.  Instead, the Moving Defendants assert that the actual language of the NDA contradicts the allegations of count six. Specifically, they claim that the SAC makes "expansive allegations" that "miscast the NDA as a general non-disclosure agreement covering all the works identified in Artman's copyright registrations" whereas the NDA only protects a "thin slice of information" relating to the design resource center. (DE 26 at 12.)

The Court disagrees with the Moving Defendants that the SAC suffers from a pleading deficiency. While the SAC stated that Wackenhut promised that it would not use or appropriate the "disclosed information," the NDA further defines the "information" as a "design resource center."  The Court does not find this to be inconsistent; instead, the NDA simply provides more specific information than the SAC.  Nor does the Moving Defendants' reliance on Century Land Development, L.P. v. FFL Development, L.L.C, No. 07-14377-CIV, 2008 WL 1850753, at * 3 (S.D. Fla. Apr. 24, 2008) support their position.  In that case, the court found that  that the pleading was objectionable because the general allegations in the complaint were "neutralized" by the specific facts revealed in the contract.  However, in that case, the plaintiff's "conclusory"

6

and "speculat[ive]" allegation about fraud was *contradicted* by numerous disclaimers and "as is" language found in the contract.  Id.   Here, the NDA does not contradict the language of the SAC.  It merely provides additional detail.  Thus, the Court finds there is no basis to dismiss count six of the SAC.

With respect to count seven, Frasier argues that the NCA is unenforceable and violates Florida Statute § 542.335, which governs restrictive covenants. (DE 44 at 2.)  After careful review, the Court finds that count seven alleges that Artman and Frasier entered into a contract, that Frasier breached, which resulted in damages to Artman.  See Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006) (elements of breach of contract).  In moving to dismiss, Frasier makes numerous arguments that are inappropriate for consideration at the motion to dismiss stage.   For example, Frasier claims that the NCA contains unreasonable restraints with respect to the time period and geographic area.  However, these arguments raise factual questions that are inappropriate for resolution at the pleading stage.  Moreover, if it is determined that the contract language is ambiguous, it may be necessary for the Court to consider parole evidence to reach a determination as to the geographical area that was contemplated under the NCA.  The remaining issues raised by Frasier are not appropriate for resolution as a matter of law, but instead may be asserted by way of defenses.  As such, Frasier's motion to dismiss count seven is denied.

III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Wackenhut and Ellison's Motion to Dismiss Counterclaim or, Alternatively, Motion for More Definite Statement (DE 26) is **GRANTED IN PART AND**

    **DENIED IN PART**.  The motion to dismiss is denied.  The motion for a more definite statement is granted in part and denied in part.

2)   FSC and Frasier's Motion to Dismiss Count VII of Second Amended Counterclaim and Amended Third-Party Complaint or, in the Alternative, Motion for More Definite Statement is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of September 2009.

                   _____
                    KENNETH A. MARRA
                    United States District Judge